Rachel E. Donn, Esq.
Nevada Bar No.: 10568
Peter E. Dunkley, Esq.
Nevada Bar No.: 11110
WOLFE & WYMAN LLP
840 Grier Drive, Suite 370
Las Vegas, NV  89119
Tel: (702) 476-0100
Fax: (702) 476-0101

Attorneys for Defendants
**FIRST FRANKLIN FINANCIAL CORP., (erroneously named as FIRST FRANKLIN LOAN SERVICES, Subsidiary of FIRST FRANKLIN FINANCIAL CORPORATION) MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and LASALLE BANK, N.A. (erroneously named as LASALLE BANK NATIONAL ASSOCIATION)**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD S GALE,<br><br>             Plaintiff,<br>   v.<br><br>FIRST FRANKLIN LOAN SERVICES, a Subsidiary of FIRST FRANKLIN FINANCIAL CORPORATION, a Delaware Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, CAL-WESTERN RECONVEYANCE CORPORATION, a California Corporation, LASALLE BANK NATIONAL ASSOCIATION; and DOES I THROUGH X, inclusive; and ROE CORPORATION XX through XXX, Inclusive.<br><br>             Defendants. | Case No.:  2:08-1615-RCJ-PAL<br><br>**MOTION TO DISMISS, OR IN THE ALTERNATIVE, GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP RULE 56** |

COMES NOW, FIRST FRANKLIN FINANCIAL CORPORATION (erroneously named as First Franklin Loan Services, subsidiary of First Franklin Financial Corporation), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., and LASALLE BANK N.A. (erroneously named as LaSalle Bank National Association), by and through their counsel, WOLFE & WYMAN LLP, and moves the above-captioned Court to dismiss the First Amended Complaint of Plaintiff, Richard S. Gale, with Prejudice pursuant to FRCP 12(b)(6), or in the alternative grant Defendants' Motion for Summary Judgment pursuant to FRCP Rule 56.

///

This Motion is based on the papers and proceedings on file herein, the Memorandum of Points and Authorities, the Request for Judicial Notice, and any other information and/or oral argument that may be permitted by the Court in this matter.

DATED:  April 10, 2009                            WOLFE & WYMAN LLP


By:/s/ *Peter E. Dunkley*
     RACHEL E. DONN, ESQ.
     Nevada Bar No.: 10568
     PETER E. DUNKLEY, ESQ.
     Nevada Bar No.: 11110
     840 Grier Drive, Suite 370
     Las Vegas, Nevada 89119

**Attorneys for Defendants**
FIRST FRANKLIN FINANCIAL CORP., (erroneously named as FIRST FRANKLIN LOAN SERVICES, subsidiary of FIRST FRANKLIN FINANCIAL CORPORATION),  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and LASALLE BANK, N.A. (erroneously named as LASALLE BANK  NATIONAL ASSOCIATION)

H:\Matters\Home Loan Services, Inc (1385)\069 (Gale)\Pleadings\Motion to Dismiss Second Amended Complaint - (Gale).doc

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The Plaintiff Richard S. Gale ("Plaintiff") filed a Complaint on November 19, 2008, in an apparent effort to forestall a foreclosure on a piece of real property located as 7836 Faith Court, Las Vegas, Nevada, APN 125-21-512-054 ("Subject Property"). Plaintiff's repeated failure to make his mortgage payments caused the foreclosure. The Complaint named First Franklin Financial Corporation ("First Franklin"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Cal-Western Reconveyance Corporation ("Cal-Western"), and LaSalle Bank, N.A. ("LaSalle"). Plaintiff's Complaint set forth three causes of action, namely: (1) Breach of Contract and Failure to Act in Good Faith; (2) Injunctive Relief; and (3) Wrongful foreclosure. On December 12, 2008 Defendant Cal-Western filed a Motion to Dismiss; on December 18, 2008 Defendants First Franklin, MERS, and LaSalle filed a Motion to Dismiss or Alternatively for Summary Judgment.

On March 16, 2009, oral argument was heard, and Defendants' Motions were granted with respect to Plaintiff's claims for (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) injunctive relief, and (4) wrongful foreclosure. Plaintiff was granted fifteen days to file an amended complaint if he should desire to allege a Truth in Lending Act ("TILA") violation.

On March 31, 2009, Plaintiff filed a First Amended Complaint, alleging five causes of action: (1) violation of Fed. R. Civ. P. 12(a)(A)(i)[sic]; (2) violation of TILA; (3) violation of Real Estate Settlement Procedures Act ("RESPA"); (4) violation of NRS 104.3416; and finally (5) violation of NRS 104.1304.

**II.    SUMMARY OF RELEVANT FACTS**

The Plaintiff is the owner of the Subject Property. On or about November 25, 2006 Plaintiff borrowed $250,000.00 from First Franklin, and signed a promissory note to that effect. This promissory note was secured by a Deed of Trust, a true copy of which is annexed hereto as Exhibit "A." This Deed of Trust explicitly names the lender as First Franklin, the trustee as ServiceLink, and MERS as the nominee beneficiary. Among other things, this Deed of Trust contains the following provisions:

> MERS is a separate corporation to this action solely as nominee

1
**MOTION TO DISMISS OR IN THE ALTERNATIVE GRANT MOTION FOR SUMMARY JUDGMENT**

> for Lender and Lender Successors and assigns.  **MERS is the beneficiary under the security instrument.…**
>
> Borrower understands and agrees that MERS holds only legal title to the interest granted by Borrower in the Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lenders Successors and Assigns) has the right to: exercise any all of those interests, including but not limited to, the right to foreclose and sell the property and to take any action entitled of Lender including, but not limited to, releasing and cancelling the security instrument…
>
> The Note or partial interest in the Note (together with this Security Instrument) can be sold one or more times *without prior notice to Borrower*.   A sale might result in a change with the entity (known as the "Loan Servicer") that collects periodical payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and applicable law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note… .
>
> Lender at its option made from time to time remove Trustee and appoint a successor trustee to another trustee appointed hereunder.  Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by the Applicable Law. (emphasis added).

This Deed of Trust was signed by the Plaintiff and notarized to that effect.

Thereafter, Plaintiff began to default on his loan payments.  As a result, Cal-Western, as "either the original trustee, the duly appointed substitute trustee, or acting as agent for the trustee or beneficiary under the Deed of Trust," filed a Notice of Breach and Default and an Election to cause sale of real property under Deed of Trust, a true copy which is annexed hereto as Exhibit "B."

On August 21, 2008 MERS executed an assignment of Deed of Trust transferring to LaSalle all Beneficial and Trust interests under the Deed of Trust.  A true copy of this document is annexed hereto as Exhibit "C."  Plaintiff still failed to bring his loan current, and as a result, on November 10, 2008 Cal-Western as duly appointed foreclosure trustee, executed a Notice of Trustee Sale, a true copy of which is annexed hereto as Exhibit "D."  At the time the notice of trustee sale was filed, Plaintiff owed $260,942.94 pursuant to his Note and Deed of Trust.

Nowhere in Plaintiff's lengthy Complaint does he dispute the fact that he defaulted on and failed to abide by the term of his Note and Deed of Trust.  Plaintiff appears to have filed the original

Complaint and his First Amended Complaint in a frivolous attempt to forestall the rightful foreclosure of the subject property. As such, Plaintiff's First Amended Complaint fails to set forth a cause of action for which relief can by granted, or in the alternative, Plaintiff's meritless First Amended Complaint entitles Defendants to judgment as a matter of law.

### III. LEGAL STANDARD

#### A. Plaintiff's Complaint should be dismissed because Plaintiff failed to provide a claim for which relief may be granted.

Pursuant to Fed. R. Civ. P. 12(b)(6) "failure to state a claim upon which relief can be granted," is a basis to dismiss a Complaint where the moving party can demonstrate beyond doubt that the Plaintiff cannot provide a set of facts in support of their claim which would entitle them to relief, such that this Motion to Dismiss should be granted. See, Puckett v. Park Place Entertainment, Corp., 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004). In making a determination, the allegations made in the Complaint are generally taken as true and viewed in the light most favorable to the non-moving party. Id. While the Court should typically take the allegations as alleged in the Complaint as true, "Courts do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Puckett, 332 F. Supp. 2d at 1352 (*Quoting* Western Mining Counsel v. Watt, 643 F. 2d 618, 624 (9th Cir. 1981)). It has specifically been held that "conclusory allegations of law and unwarranted inferences are insufficient to defend a Motion to Dismiss for failure to state a claim." In re Stac Electronics Securities Litigation, 89 F. 3d 1399, 1403 (9th Cir. 1996) (*Quoting* In re VeriFone Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993)).

A claim for relief must contain a short and plain statement of the claim showing that the Plaintiff is entitled to relief. Fed. R.Civ. P. 8(a). Failure to state a claim upon which relief can be granted is a basis to dismiss a Complaint where the moving party can demonstrate beyond doubt that the Plaintiff cannot set forth facts in support of their claim which would entitle them to relief. See, Puckett v. Park Place Entertainment, Corp., 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004).

Furthermore, the Supreme Court recently clarified the pleadings obligations of Fed. R. Civ. P. 8(a)(2) in the seminal case of Bell Atlantic Corp. v. Twombly, by holding that:

> A Plaintiff's obligation to provide the single 'ground' of his 'entitle[ment]' to relief requires more than labels and conclusions, in a

> form like recitation of the elements of the cause of action will not do…. Factual allegations must be enough to raise the right to relief above the speculative level.

127 S. Ct. 1955, 1964 (2007).  Plaintiff's Complaint in this case does not rise to the Twombly standard as a cognizable legal theory entitling the Plaintiff to relief.  Id.

**B.  In the alternative, this Court should grant Defendants' Motion for Summary Judgment since Defendants are entitled to judgment as a matter of law.**

The Court should grant a Motion for Summary Judgment where there are no genuine issues of material fact existing and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(b).  The purpose of the Motion for Summary Judgment is to obviate trials "when they would serve no useful purpose."  Short v. Hotel Riviera, Inc., 79 Nev. 94 (1963).  The Nevada Supreme Court has held that Summary Judgment is proper when documentation that is "properly before the Court demonstrate[s] that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law."  Wood v. Safeway, Inc., 121 Nev. 724, 731 (2005).

Though the pleadings and proof should be construed in favor of the non-moving party, "that [moving] party bears the burden to 'do more than simply show there is some metaphysical doubt' as to the operative facts in order to avoid summary judgment being entered in the moving party's favor… [and] is not entitled to build a case on the gossamer threads of whimsy, speculation and conjuncture."  Id., at 732.  Furthermore, the Wood Court held that it is substantive law which determines which factual disputes are material and which factual disputes are irrelevant.  Id., at 731.

Merely colorable evidence or evidence which is not significantly probative is simply not sufficient to preclude summary judgment.  Oehler v. Humana, Inc., 105 Nev. 348, 351 (1989).  Specifically, neither conclusory statements nor general allegations, create an issue of material fact.  Michaels v. Sudeck, 107 Nev. 332, 334 (1991); Bond v. Stardust, Inc., 82 Nev. 47, 50 (1966).  Fed. R. Civ. P. 56 requires that the non-moving party "by affidavits…set specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate be entered against that party."  Fed. R.Civ. P. 56.

///

4

**MOTION TO DISMISS OR IN THE ALTERNATIVE GRANT MOTION FOR SUMMARY JUDGMENT**

## IV. ARGUMENT

### A. Plaintiff's second cause of action, for alleged violation of TILA is also without merit and should be dismissed.

Plaintiff has failed to allege a TILA violation and this cause of action should be dismissed. Only the initial lender is considered a creditor under TILA and specifically, loan servicers are not liable under TILA. Ocasio v. OCWEN Loan Servicing. LLC, 2008 WL 2856392, 2 (E.D. PA 2008); Lippner v. Deutsche Bank Nat. Trust Co., 544 F.Supp 2d 695, 698 (N.D. Ill. 2008). TILA requires five disclosures in the context of a mortgage: (1) the annual percentage rate, (2) the finance charge, (3) the amount financed, (4) the total payments, (5) and the payment schedule. Henderson v. GMAC Mortg. Corp., 2008 WL 1733265, 5 (W.D. Wash. 2008), (citing 12 C.F.R. § 226). Plaintiff has not alleged that any of the Defendants have failed to provide the required disclosures under TILA.

Instead, Plaintiff alleges that First Franklin, the loan servicer, was required to respond to his written requests for information about the holder of the note under 15 U.S.C. §1641(f)(2). Plaintiff misconstrues and misapplies the purpose of 15 U.S.C. §1641(f)(2) by seeking to impose independent liability on a servicer. Section 1641(f)(2) does not itself contain a provision that imposes liability under TILA, nor for a private right of action. 15 U.S.C. §1641(a) states: "any civil action for a violation of this subchapter or proceeding under section 1607 of this title which may be brought against a creditor may be maintained against any assignee of such creditor *only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement*." (Emphasis added.)

The purpose of the statute is not to impose liability on a servicer for failure to disclose the identity of the note holder, but to set forth parameters when an assignee might be liable for an *original lender's* failure to disclose the required TILA elements as discussed in the Henderson court. Plaintiff has not alleged that Defendants failed to provide the TILA disclosures. Therefore, we cannot get to the issue of whether assignee liability can be found. There is no separate obligation under TILA for a loan servicer to provide this information. Plaintiff is attempting to create a TILA cause of action where none exists.

Furthermore, Plaintiff's alleged TILA claim is barred by the statute of limitations. Under 15

U.S.C. § 1640(e) "[a]ny action under this section" may be brought within one year of the occurrence of the alleged violation. Plaintiff has not alleged a TILA violation and even if Plaintiff had alleged a TILA violation, his claim would be time barred. Plaintiff signed the Promissory Note and Deed of Trust on or about November 25, 2006. Any TILA violation would have necessarily occurred at the time of initial transaction. Plaintiff's first Complaint was filed almost three years later, in November of 2008, well past the running of the statute of limitations. Thus, even if Plaintiff had alleged a TILA violation, his claim would be time barred.

Finally, even if Plaintiff had alleged a TILA violation, and even if First Franklin did not comply with 15 U.S.C. § 1641(f)(2), Plaintiff cannot show any damages and should not be entitled to relief. Plaintiff has acknowledged from the beginning of this dispute that *he* defaulted on his obligations. Since that acknowledgment, he has diligently sought to avoid his obligations under the Note and Deed of Trust.

Plaintiff's second cause of action against First Franklin, MERS, and LaSalle should be dismissed.

### B. **Plaintiff's fourth cause of action, against MERS, for alleged violation of NRS 104.3416 is without merit and should be dismissed.**

This dispute is about a non-judicial foreclosure. Plaintiff requests a "determination as to the legal status of the foreclosure." (First Amended Complaint 9:11.) Plaintiff attempts to complicate the issue by pointing to Chapter 104 of the Nevada Revised Statutes ("N.R.S.") § 3416 which governs transfer warranties in the Uniform Commercial Code. N.R.S. 104.3416(e) requires that "[t]he warrantor has no knowledge of any insolvency proceeding commenced with respect to the maker…" Plaintiff alleges that MERS' authorization of the foreclosure created an "insolvency proceeding," and therefore breached a transfer warranty, and that alleged breach somehow invalidated the transfer of the Deed of Trust to LaSalle (First Amended Complaint 6:10). Plaintiff's allegations are misguided.

Non-judicial foreclosure sales are governed by N.R.S. § 107.080 which allows,

> *The beneficiary, the successor-in-interest of the beneficiary or the trustee* first executes and causes to be recorded in the Office of the Recorder of the county wherein the trust property, or some part thereof, is situated and Notice of the Breach and of his election to sell

6
**MOTION TO DISMISS OR IN THE ALTERNATIVE GRANT MOTION FOR SUMMARY JUDGMENT**

> or cause to be sold the property to satisfy the obligation.
> N.R.S. § 107.080(2)(b) (emphasis added).

and

> The trustee, *or other person authorized to make* the *sale under the terms of the trust deed or transfer-in-trust*, shall, after expiration of the three-month period following the recording of the Notice of Breach and Election to Sell, and before making of the sale, give notice of time and place thereof by recording the Notice of Sale.…
> N.R.S. § 107.080(4). (emphasis added).

Plaintiff makes no allegations that Defendants have violated N.R.S. 107.080. And nowhere in N.R.S. 107.080 is there language referring to "insolvency proceedings" invalidating transfers. Plaintiff's allegation that Defendants have violated N.R.S. 104.3416 is without merit and this cause of action should be dismissed.

### C. Plaintiff's fifth cause of action, for alleged violation of NRS 104.1304 (Obligation of Good Faith) has already been dismissed once, is still without merit, and should be dismissed again.

The Court previously dismissed Plaintiff's cause of action for breach of the covenant of good faith and fair dealing. Plaintiff nonetheless re-alleges a breach of the covenant of good faith and fair dealing. Plaintiff's claims should be dismissed.

In relationships between a debtor/creditor or a bank and a borrower, there is no covenant of good faith and fair dealing. Cascade Investments, Inc. v. Bank of America, NA, SA, 2000 WL 1842945, 2 (D.Nev. 2000), see also, Nymark v. Heart Fed. Savings & Loan Assn., 283 Cal.Rptr. 53, 56 (Cal.App. 3 Dist 1991). Specifically, in the Cascade case, the United States District Court, for the District of Nevada, held that "there is no special relationship between a debtor-creditor or a bank and its loan customer that is sufficient to satisfy a tort claim for breach of the covenant of good faith dealing." Id.

Furthermore, even if the Court determined a breach of covenant of good faith and fair dealing was applicable to the lender in this instance, Plaintiff still fails to set forth a cause of action for which a breach of the covenant of good faith and fair dealing can be made. Specifically, to set forth a cause of action for breach of the covenant of good faith and fair dealing, Plaintiff must allege: (1) Plaintiff and Defendants were party to a contract; (2) Defendants owed a duty of good faith to Plaintiff; (3) Plaintiff breached that duty by performing in a manner that was unfaithful to the

1  purpose of the contract; and (4) Plaintiff justified expectations were denied.  <u>Perry v. Jordan</u>, 111
2  Nev. 943, 948 (1995).
3        Plaintiff cannot sufficiently allege that there was a valid contract that was breached.
4  Furthermore, Plaintiff cannot meet the last prong of the cause of action for breach of covenant of
5  good faith and fair dealing by alleging their justified expectations were denied.  Specifically,
6  Plaintiff sufficiently alleged that he was justified in expecting anything other than that which he
7  signed and agreed to in his Note and/or Deed of Trust.
8        Plaintiff again fails to set forth a cause of action for breach of covenant of good faith and fair
9  dealing for which relief can be granted, and as such, this cause of action should be dismissed as to all
10 Defendants.

11 **V.   CONCLUSION**

12       For the above stated reasons, it is respectfully submitted that this Court should dismiss all of
13 Plaintiff's causes of action against First Franklin, MERS, and LaSalle for failure to state a claim for
14 which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) without leave to amend.  In the
15 alternative, it is respectfully submitted that this Court should grant the Motion for Summary
16 Judgment pursuant to N.R.C.P. Rule 56.  Finally, it is respectfully submitted that this Court expunge
17 any lis pendens on the Subject Property, and grant such other and further relief as this Court deems
18 just and proper.

19 DATED:  April  10, 2009

WOLFE & WYMAN LLP

By:**/s/ Peter E. Dunkley**_____
    RACHEL E. DONN, ESQ.
    Nevada Bar No.: 10568
    PETER E. DUNKLEY, ESQ.
    Nevada Bar No.: 11110
    840 Grier Drive, Suite 370
    Las Vegas, Nevada 89119

**Attorneys for Defendants**
FIRST FRANKLIN FINANCIAL CORP.,
(erroneously named as FIRST FRANKLIN LOAN
SERVICES, subsidiary of FIRST FRANKLIN
FINANCIAL CORPORATION,  MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., and LASALLE BANK, N.A. (erroneously
named as LASALLE BANK  NATIONAL
ASSOCIATION)

**CERTIFICATE OF SERVICE**

1. On _____ I served the _____ by the following means to the persons as listed below:

   ___   a.   EFC System (you must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary):

2. On April 10, 2009, I served the MOTION TO DISMISS OR IN THE ALTERNATIVE GRANT MOTION FOR SUMMARY JUDGMENT by the following means to the persons as listed below:

   _X_   b.   United States Mail, postage fully pre-paid (List persons and addresses. Attach additional paper if necessary):

Richard S. Gale
7836 Faith Court
Las Vegas, NV 89131

Plaintiff in Pro Se

By:    */s/ Katia Ioffe*
        Katia Ioffe
        An employee of Wolfe & Wyman LLP