UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD S. GALE,<br><br>          Plaintiff,<br><br>vs.<br><br>FIRST FRANKLIN LOAN SERVICES, a Subsidiary of FIRST FRANKLIN FINANCIAL CORPORATION, a Delaware Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, CAL-WESTERN RECONVEYANCE CORPORATION, a California Corporation, LASALLE BANK NATIONAL ASSOCIATION; and DOES I THROUGH X, inclusive, and ROE CORPORATION XX through XXX, Inclusive,<br><br>          Defendants. | 2:08-cv-1615-RCJ-PAL<br><br>**ORDER** |

    Plaintiff Richard S. Gale, who is appearing pro se, filed the present lawsuit against Defendants First Franklin Loan Services, Mortgage Electronic Registration Systems, Inc., Cal-Western Reconveyance Corporation, and LaSalle Bank National Association to challenge a nonjudicial foreclosure on real property formerly owned by Plaintiff Richard Gale. Defendants First Franklin Loan Services, Mortgage Electronic Registration Systems, Inc., and LaSalle Bank National Association have now filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (#33). Defendant Cal-Western has joined the Motion. (#36). Plaintiff Richard Gale has also filed a Motion to Amend Order. (#41). After considering the motions, briefs, and pleadings, the Court issues the following opinion and order.

I.     FACTS

Plaintiff Richard S. Gale financed the purchase of real property in Las Vegas, Nevada, through a mortgage loan from Defendant First Franklin Financial Corporation (which has been incorrectly named in the pleadings as First Franklin Loan Services). (#33, Ex. A). In November 2006, Gale and First Franklin executed a promissory note, which was secured by a deed of trust. (#33, Ex. A). The note named First Franklin as lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee beneficiary, and ServiceLink as trustee.

In August 2008, First Franklin transferred the note and deed of trust to Defendant LaSalle Bank. (#33, Ex. C). Defendant Cal-Western was substituted as trustee. (#33, Ex. B). Since May 2008, Gale had been in default on his loan. As a result, Cal-Western, as trustee, instituted the nonjudicial foreclosure process by filing a Notice of Breach and Default and of Election to Cause Sale. (*Id.*).

Defendant Cal-Western determined that Gale did not remedy the default after the Notice of Breach and Default was filed. As a result, in November 2008, Cal-Western filed a Notice of Trustee Sale, which sale was set to occur in December 2008. (#33, Ex. D).

In November 2008, Gale filed a lawsuit in this Court, pleading claims for breach of contract, breach of the covenant of good faith and fair dealing, injunctive relief, and wrongful foreclosure. Gale alleged in his original Complaint that he sent written requests to First Franklin on June 5 and August 6, 2008, asking First Franklin to disclose the identity of the holder of the note, pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq*. (#1). Gale alleged that First Franklin never responded. (*Id.*). Gale further alleged that none of the Defendants were the proper parties to enforce the note or conduct any foreclosure related thereto. (*Id.*).

In December 2008, Defendants filed motions to dismiss, or in the alternative, motions for summary judgment. (#9, #14). In March 2009, the Court heard oral arguments on the motions. (#31). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court dismissed all of

Gale's claims against Defendants. The Court, however, construed the original Complaint to plead a claim, although unsuccessfully, for violation of TILA. As a result, the Court granted Gale fifteen days to file an amended complaint to properly state a TILA cause of action.

At the end of March 2009, Gale filed his Amended Complaint. (#32). Instead of simply pleading a proper TILA claim, however, Gale pleaded a TILA claim and several new claims. In the Amended Complaint, Gale has pleaded claims for (1) violation of Rule 12(a)(A)(i) of the Federal Rules of Civil Procedure; (2) violation of TILA; (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*; (4) violation of NRS § 104.3416; and (5) violation of NRS.§ 104.1304. Defendants have now filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (#33, #36). Gale has also filed a Motion to Amend Order. (#41).

**II.    LEGAL STANDARDS**

   **A.    Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact,

1  or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.
2  2001).

3  "Generally, a district court may not consider any material beyond the pleadings in ruling on
4  a Rule 12(b)(6) motion . . . However, material which is properly submitted as part of the complaint
5  may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896
6  F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are
7  alleged in a complaint and whose authenticity no party questions, but which are not physically
8  attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without
9  converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d
10 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial
11 notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.
12 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to
13 dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp.*
14 *Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

15 If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave
16 to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,]
17 dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . .
18 . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371
19 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies
20 of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d
21 655, 658 (9th Cir. 1992). The Ninth Circuit upholds a "policy of liberal construction in favor of pro
22 se litigants." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998).

23 **B.     Motion for Summary Judgment**

24 The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings,
25 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp.,* 477 U.S. at 323–24 (1986).

In a summary judgment posture, the Court must consider the parties' respective burdens. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.,* 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*

*v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.  *See* Fed. R. Civ. P. 56(e); *see also, Celotex Corp.*, 477 U.S. at 324.

When considering a summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial.  *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor."  *Id*. at 255.  But, if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted.  *See id.* at 249–50.

**III.**

**ANALYSIS**

As a preliminary matter, the Court notes that in the order issued from the bench during the March 16, 2009 hearing, the Court permitted Gale to amend the initial Complaint to plead a TILA claim only.  Notwithstanding, Gale amended the Complaint to not only plead a TILA claim, but four additional claims.  As such, Gale's new claims really are not properly before this Court.  Still, the Court will briefly address the merits of each claim.

**A.    FRCP 12(a)(A)(i)**

Under Federal Rule of Civil Procedure 12(a)(A)(i), a defendant must serve an answer within twenty days after being served with the summons and complaint.  Gale contends that Defendants' present Motion should be dismissed by this Court because the original Motions to Dismiss (#9, #14) were filed a few days past the twenty day window prescribed under Rule 12(a).  This is not grounds to dismiss Defendants' present Motion.

1   Gale is correct that Defendants did not file any pleading or motion within twenty days of
2   the date that Gale served Defendants with the Summons and Complaint. Cal-Western's answer was
3   due on December 11, 2008, and Cal-Western filed its Motion to Dismiss on December 12, 2008.
4   The other Defendants' answer was due on December 15, 2008, and they filed their Motion to
5   Dismiss on December 18, 2008.

6   As a legal matter, this Court cannot hold that Defendants violated Rule 12(a) by their filings.
7   In *Aetna Life Ins.Co. v. Alla Medical Services, Inc.*, the Ninth Circuit explained:

> This circuit allows a motion under Rule 12(b) any time before the responsive pleading is filed. *See Bechtel v. Liberty National Bank*, 534 F.2d 1335, 1340–41 (9th Cir. 1976) (venue challenge under Rule 12(b)(3)). The *Bechtel* court noted that while some courts hold that Rule 12(b) motions must be made within 20 days of service of the complaint, the rule itself only requires that such motions "be made before pleading if a further pleading is permitted." *Id*. at 1341 [quoting Rule 12(b), Fed. R. Civ. P.].

*Aetna Life Ins.Co.*, 855 F.2d 1470, 1474 (9th Cir. 1988).

Defendants' original Motions to Dismiss were filed before any answer or other responsive pleading was filed. Although the Court's deadline for filing a timely answer had passed by those dates (by merely one or a few days), no default had been entered against Defendants. Under these circumstances, the Court cannot find an adequate basis to strike or dismiss Defendants' original or current Motions to Dismiss. Furthermore, as a general matter of policy, the Court prefers to decide cases on the merits whenever possible. As a result, the Court GRANTS Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment as to Gale's first cause of action.

**B.   TILA**

Gale alleges that Defendants violated TILA by never responding to Gale's written requests to notify Gale of the proper owner or holder of the note. TILA was designed to protect consumer borrowers from the "uninformed use of credit" by ensuring "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). TILA requires that a creditor disclose to a borrower specific information, including finance charges, annual percentage rate, and the right to rescind a transaction. *See*, *e.g.*,

15 U.S.C. §§ 1635, 1638.  TILA's required disclosures, however, do not encompass the identity of the holder of the note.

Gale alleges that such a duty arose under TILA because he made a timely demand for information about his loan.  TILA § 1641 provides:

> [ ]Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.

15 U.S.C. § 1641(f)(2).  This section, however, relates to the liability of an assignee to a mortgage loan for the original creditor's violations of TILA.  But there is no claim here that First Franklin, who served as both original creditor and loan servicer, violated TILA by failing to make the required disclosures at the outset of the loan.  There is no separate private right of action simply for a servicer's failure to respond to the written request discussed in 15 U.S.C. § 1641(f)(2).  Section 1641(f) simply provides that an assignee can be liable for the creditor's failure to make the required TILA disclosures if certain conditions are met.  Because there is no claim or evidence that First Franklin violated TILA by failing to make the requisite disclosures in its capacity as lender, neither First Franklin nor LaSalle can be liable under 15 U.S.C. § 1641(f).

For this reason, the Court GRANTS Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment as to Gale's second cause of action under TILA.

**C.    RESPA**

Gale limits his cause of action for violation of RESPA against Defendant Cal-Western.  The RESPA sets forth certain duties of a loan servicer after receiving borrower inquiries, including imposing a requirement that a loan servicer respond to a "qualified written request" ("QWR") from a borrower.  12 U.S.C. § 2605.

A QWR is a written correspondence, other than a writing on a payment coupon or other payment medium supplied by the servicer, that:

      (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

      (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). Under 12 U.S.C. § 2605(e)(1)(A), a loan servicer must provide a borrower with a written response acknowledging receipt of the QWR within 20 days of receiving it. The servicer must then take certain actions within sixty days of receiving the QWR. *See* 12 U.S.C. § 2605(e)(2).

There is one fatal flaw in Gale's RESPA claim against Cal-Western. It is undisputed that Cal-Western was merely the trustee for Gale's loan; Cal-Western did not function as the loan servicer. As a result, Cal-Western had no duty under RESPA in relation to a QWR. For this reason, the Court GRANTS Cal-Western's Motion to Dismiss, or in the alternative, Motion for Summary Judgment as to Gale's third cause of action under RESPA.

    **D.**    **NRS § 104.3416**

Gale alleges that MERS violated NRS § 104.3416(e). Section 3416 governs the transfer of warranties under the Uniform Commercial Code. Specifically, NRS § 104.3416(e) states that a "person who transfers an instrument for consideration warrants to the transferee and, if the transfer is by endorsement, to any subsequent transferee that . . . [t]he warrantor has no knowledge of any insolvency proceeding commenced with respect to the maker or acceptor or, in the case of an unaccepted draft, the drawer." Gale's claim does not sufficiently state how MERS violated this section by the transfer of the note and deed of trust from First Franklin to LaSalle Bank. Furthermore, the issue here is a wrongful foreclosure. NRS § 107.080 governs the nonjudicial foreclosure process in Nevada. It is unclear how NRS § 104.3416(e) implicates the foreclosure process outlined in NRS § 107.080. For this reason, the Court GRANTS Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment as to Gale's fourth cause of action.

  **E.**  **NRS § 104.1304**

Gale alleges that Defendants violated NRS § 104.1304, which describes the obligation of good faith. The Court has already dismissed Gale's initial claims for a violation of the covenant of good faith and fair dealing. "It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 123 Nev. 26, 163 P.3d 420, 426–27 (2007). Where one party to a contract "deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels v. Butch Lewis Productions*, 107 Nev. 226, 808 P.2d 919, 922–23 (1991).

Gale does not sufficiently allege how Defendants violated the covenant of good faith and fair dealing. Gale has not produced any evidence to create a genuine issue of material fact that Defendants violated the covenant of good faith and fair dealing. Defendants have produced documentation of the loan entered into between Gale and First Franklin, the transfer of the loan to LaSalle Bank, and the notice of default and notice of sale. There is no evidence that Defendants violated a covenant of good faith and fair dealing. For this reason, the Court GRANTS Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment as to Gale's fifth cause of action.

**IV.**  **MOTION TO AMEND ORDER**

Gale has also moved for the Court to amend the order it issued at the March 16, 2009 hearing. Gale's Motion should be construed as a motion to reconsider. Reconsideration under Rule 59(e) is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." *School Dist. No. IJ, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A Rule 59(e) motion "should not be granted[ ] absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A

1  motion to reconsider is not a second opportunity for a losing party to reassert the same arguments

2  or revamp a previously unmeritorious argument.

3     Here, Gale has not demonstrated that unusual circumstances require reconsideration of the

4  Court's order dismissing its claims.  Gale has not presented the Court with newly discovered

5  evidence, shown that the Court committed clear error or that the initial decision was manifestly

6  unjust, or argued that there has been an intervening change in the controlling law. Accordingly, the

7  Court DENIES Gale's Motion to Amend Order.

**CONCLUSION**

9     IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, or in the alternative,

10 Motion for Summary Judgment is GRANTED without leave to amend (#33, #36).  IT IS FURTHER

11 ORDERED that Gale's Motion to Amend Order is DENIED.  (#41).

12     Dated: June 23, 2009

_____
Robert C. Jones
United States District Judge