**RICHARD S. GALE**
7836 Faith Ct.
Las Vegas, NV 89131
(702) 480-6365
In Proper Person

2012 OCT 12  A 11: 24

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD S. GALE, an individual | ) Case No.: |
| | ) 2:08-cv-01615 - RCJ-PAL |
| Plaintiff, | ) |
| | ) |
| vs. | ) JURY TRIAL REQUESTED |
| | ) |
| | ) Date: |
| | ) Time: |
| FIRST FRANKLIN LOAN SERVICES, Subsidiary of | ) Courtroom: |
| FIRST FRANKLIN FINANCIAL CORPORATION, a | ) |
| Delaware Corporation, MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, Inc., a Delaware | ) |
| Corporation, CAL-WESTERN RECONVEYANCE | ) Judge: Hon. Robert C. Jones |
| CORPORATION, a California Corporation, LASALLE | ) |
| BANK NATIONAL ASSOCIATION, and DOES I | ) |
| THROUGH X inclusive; and ROE CORPORATION XX | ) |
| through XXX. Inclusive, | ) |
| | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS
### MOTION TO DISMISS REMANDED CLAIMS AS MOOT

COMES NOW Plaintiff RICHARD S. GALE, and hereby respectfully requests that this Court deny Defendants Motion to Dismiss Pursuant to NRCP 12(b)(1), based upon the following Memorandum of Points and Authorities.

## Statement of Facts

On August 31, 2012, Ninth Circuit of Appeals remanded Plaintiff's case to District Court, in part stating that:

> "We therefore vacate the district court's dismissal of these
> claims, so that the district court may consider Gale's argument
> in the first instance, or exercise its discretion to remand
> these claims to state court."

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants neglected to include the above statement in their Motion to Dismiss.

Contrary to Defendants' Motion, Plaintiff's case is neither moot, insufficient in its allegations, nor otherwise legally deficient and there are several 'live' valid claims.

Plaintiff emphasizes that there are also several exceptions applicable to whether this case is moot.

1.      The "voluntary cessation" doctrine focuses on whether challenged conduct which has lapsed or the utilization of a statute which has been superseded is likely to recur. Thus, cessation of the challenged activity by the voluntary choice of the person engaging in it, especially if he contends that he was properly engaging in it, will moot the case only if it can be said with assurance "that 'there is no reasonable expectation that the wrong will be repeated." Otherwise, "[t]he defendant is free to return to his old ways" and this fact would be enough to prevent mootness because of the "public interest in having the legality of the practices settled."

2.      In cases in which (1) the challenged action is too short in its duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again, mootness will not be found when the complained-of conduct ends.

Defendants claim, that they have rescinded all the Notices of Default, does not mean that they will not, if this case is dismissed, issue new Notices of Default using the same defective, robo signed  documents, assignments and transfers misrepresenting ownership & standing AND lacking judicial oversight.

A case doesn't become moot merely because the conduct has terminated if there is a sufficient possibility of a recurrence that would be barred by a proper decree.

A case won't be moot if the Defendant has refrained from challenged conduct but is free to return to her old ways and there is a strong public interest in resolving the legal issue. *United States v. W. T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953) ("public interest in having the legality of the practices settled, militates against a mootness conclusion")

In *American Bible Society v. Blount*, 446 F.2d 588 (3d Cir. 1971) the court stated that "Because judicial economy would not have been served by dismissing the suits as moot, we reached the merits. In so doing, we held that "(c)ourts have long recognized the principle that a case is not moot if there is a reasonable likelihood that the parties or those in privity with them will be involved in a suit on the same issues in the future." Id. at 595.

*Also see* Friends of the Earth v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 191-92 (noting that standing doctrine functions to preserve scarce federal judicial resources by excluding cases early, whereas dismissal of a case as moot after years of litigation "may prove more wasteful than frugal").

In St. Pierre v. United States, 319 U.S. 41, 42 (1943)). , the Court held, a decision on the merits would "affect the rights of the litigants," and the claim therefore was not moot. 42 *Id.* at 306

In such cases, courts have not hesitated to protect their authority and prevent party manipulation by rejecting the contention of mootness.

### DEFENDANT'S MOTION "A" & "B" PAGE 2.

Line 7, Defendants write: "This is a foreclosure avoidance suit."

Defendants fail to identify by what standard this Court should apply to determine "avoidance suit".

Plaintiff is not trying to avoid foreclosure, just requesting proof that the entities foreclosing are legally authorized and have standing to proceed with such an action. Information he is entitled to under TILA, Nevada Statutes and Nevada Foreclosure Rules. (FMR)

Defendants however, *avoided* complying with the Nevada FMR by failing to bring the proper certified mortgage documents to the Mediation; Judge Mosley would not otherwise have denied them the issuance of a Certificate of Foreclosure; which basically nullified the foreclosure as unlawful since the party foreclosing did not have legal title in the property or ownership of the note.

Defendants' failure to respond to Plaintiff's Qualified Written Request was an *avoidance* of complying with TILA requirements, which then resulted in this lawsuit. If Defendants had responded to Plaintiff's first request for information under TILA dated June 5, 2008, this litigation would not now be in front of this Court for adjudication.

Defendants could at any time during this litigation, have produced the requested proof and documentation and ended this litigation; **so realistically, avoidance by whom?**

4

**DEFENDANT'S MOTION "B" PAGE 2**

1  Plaintiff's TILA claim is properly plead against First Franklin Financial

2  Corporation proven by the context of the following documents.

3

4  From Plaintiff's Amended Complaint: *"On or about November 25, 2006 Plaintiff*

5  *financed his mortgage through First Franklin, a Division of National City Bank, who*

6  *perfected its security interest in the Property by filing and recording the Deed of Trust and*

7  *Note at the Recorders office in Clark County on November 25, 2006.*  (DC Docket 33-page 2)

8  *On December 18, 2006 First Franklin filed, with the Clark County Recorder, a*

9  **Substitution/Reconveyance** *to First Franklin Financial Corporation, (hereinafter*

10  *"Franklin Financial") the entity to whom Plaintiff has been mailing his payments."*

11  Copy of Note with endorsement, DC Docket 11-page 16

12  FROM 9TH CIRCUIT ORIGINAL OPINION, page 5: "Because Franklin was not an

13  assignee of the loan, but rather the original creditor, Gale's claim fails."

14  FROM 9TH CIRCUIT AMENDED OPINION:  "McKEOWN, Circuit Judge:

15  *Failing to read and respond to letters may be impolite; however, "a breach of good manners"*

16  *is not always "an invasion of any legal right." Spaulding v. Evenson, 149 F. 913, 920*

17  *(C.C.E.D. Wa. 1906). Richard Gale faults his lender, First Franklin Loan Services*

18  *("Franklin"), for failing to respond to his correspondence regarding ownership of his loan,*

19  *and alleges that this failure amounted to a violation of the Truth in Lending Act ("TILA"), and*

20  *Nevada's covenant of good faith and fair dealing. Because Franklin **was not legally***

21  ***required to respond in its capacity as loan servicer**, we affirm the district court's*

22  *dismissal of these claims."*

23

24  **Specifically, 15 U.S.C. § 1641(f)(2) states (in part):**

25  "Upon written request by the obligor, the **servicer** shall provide the obligor, to the

26  best knowledge of **the servicer**, with the name, address, and telephone number of the

27  owner of the obligation or the master servicer of the obligation."

**Ninth Circuit erred in their legal conclusions in the Opinion** and Plaintiff respectfully requests this Court reinstate his TILA claim(s).

A borrower already knows the identity of his original lender (the "creditor") precisely because that lender appears on the face of the loan documents. It is much more difficult for a borrower to track down subsequent assignees of his loan, notwithstanding assignees' obligation under 15 U.S.C. § 1641(g)(1) to notify borrowers when the borrower's loan is transferred. Interpreting TILA to enforce § 1641 (f)(2) against "creditors" but not against assignees of creditors would undermine Congress' intent in enacting the 2009 amendment and render that amendment practically useless.

### DEFENDANT'S MOTION "C" PAGE 3 – PAGE 4- I & II.

The conventional understanding of mootness doctrine is that it operates as a mandatory bar to federal court jurisdiction, derived from the "cases or controversies" clause of the United States Constitution, Article III. In two crucial respects, however, this Constitutional model—which was first adopted by the Supreme Court less than 45 years ago—fails to account for the manner in which courts actually address contentions of mootness. First, the commonly-applied exceptions to the mootness bar are not derived from the "cases or controversies" clause and cannot be reconciled with the Constitutional account of mootness. Second, courts regularly consider and resolve mootness issues based on practical considerations having nothing to do with the text of Article III, revealing an implicit understanding that federal courts have authority to decide moot cases independent of Article III considerations.

*From the Selected Works of Matthew I Hall, August 2008; Doctrine of Mootness*

In *United States v. W.T. Grant Co.*, U.S. Supreme Court, 345 U.S. 629 (1953). 345 U.S. 629 the Supreme Court held that the voluntary cessation of illegal conduct **would moot a case only** if the defendant established that "there is no reasonable expectation that the wrong will be repeated".  Mootness, then, requires a sensitive fact-based prediction of the probability of recurrence, an analysis of the plaintiff's continued need for relief.   Moreover, the defendant who discontinues the challenged conduct while proclaiming its legality is particularly unlikely to succeed in mooting a case. *United States v. Laerdal Mfg. Corp.*, 73 F.3d 852, 856 (9th Cir. 1995);

In *Memphis Light, Gas & Water Div. v. Craft*, 436 U. S. 1, 8–9 (1978), the court noted that claims for damages save cases from mootness.

Plaintiff's Amended Complaint at 61, page 10: "Plaintiff has suffered damages in an amount in excess of Ten Thousand Dollars" and Plaintiff prays for Damages against Defendants in an amount subject to proof at the time of trial.

### DEFENDANT'S MOTION III "B" PAGE 5

Claims being adjudicated in a legal matter do not become moot because one named Defendant is wholesaled.   If US Bank purchased LaSalle Bank one must presume that all liabilities were assumed along with any assets.  A lawsuit is a potential liability or asset.

## CONCLUSION

For all the aforementioned reasons and authorities, Plaintiff's case is neither moot, lacking in its allegations, lacking in justiciable claims, nor otherwise lacking in

legal merit, and therefore, Defendants Motions to Dismiss should be denied.

Respectfully submitted,

_____        Dated this 12 day of October 2012
Richard Gale, in proper person
7836 Faith Ct., Las Vegas, NV 89131

## CERTIFICATE OF SERVICE

I hereby certify that on this __12__ day of October, 2012, I mailed a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS REMANDED CLAIMS AS MOOT** to counsel of record for Defendants, by placing same in the United States Mail, postage prepaid, properly addressed as follows:

WOLFE & WYMAN LLP
11811 N. Tatum, Suite 3031
Phoenix, AZ 85028
Attorneys for Defendants

Richard Gale, Plaintiff
7836 Faith Ct., Las Vegas, NV 89131