**COLT B. DODRILL, ESQ.**
Nevada Bar No. 9000
**WOLFE & WYMAN LLP**
11811 N. Tatum, Suite 3031
Phoenix, Arizona  85028
cbdodrill@wolfewyman.com
Tel: (602) 953-0100
Fax: (602) 953-0101

Attorneys for Defendants
**FIRST FRANKLIN FINANCIAL CORP., (erroneously named
as FIRST FRANKLIN LOAN SERVICES, Subsidiary of FIRST
FRANKLIN FINANCIAL CORPORATION) MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and LASALLE BANK, N.A. (erroneously named as
LASALLE BANK NATIONAL ASSOCIATION)**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD S GALE,<br><br>       Plaintiff,<br>  v.<br><br>FIRST FRANKLIN LOAN SERVICES, a Subsidiary of FIRST FRANKLIN FINANCIAL CORPORATION, a Delaware Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, CAL-WESTERN RECONVEYANCE CORPORATION, a California Corporation, LASALLE BANK NATIONAL ASSOCIATION; and DOES I THROUGH X, inclusive; and ROE CORPORATION XX through XXX, Inclusive.<br><br>       Defendants. | Case No.:  2:08-1615-RCJ-PAL<br><br>**REPLY SUPPORTING MOTION TO DISMISS REMANDED CLAIMS AS MOOT** |

Defendants, FIRST FRANKLIN FINANCIAL CORP., (erroneously named as FIRST FRANKLIN LOAN SERVICES, Subsidiary of FIRST FRANKLIN FINANCIAL CORPORATION), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and LASALLE BANK, N.A. (erroneously named as LASALLE BANK NATIONAL ASSOCIATION), by and through their attorneys, Wolfe & Wyman LLP, hereby Reply to Plaintiff's Response to Motion to Dismiss.

///

///

1215289.2

1

This Reply is based on the attached Memorandum of Points and Authorities filed and served concurrently, all pleadings and papers on file herein and upon such oral and documentary evidence as may be presented at a hearing on this Motion if necessary.

## REPLY POINTS AND AUTHORITIES

### I. LEGAL ARGUMENT

This Court should dismiss the wrongful foreclosure claims, because it lacks jurisdiction over Plaintiff's moot claims. "[W]hen a district court lacks subject matter jurisdiction over a case filed in federal court, the Federal Rules of Civil Procedure require the court to dismiss the case." Bradgate Associates, Inc. v. Fellows, Read & Associates, 999 F.2d 745, 749 (3rd Cir.1993) (citing, Fed.R.Civ.P. 12(h)(3)). "In contrast, when the court lacks jurisdiction to entertain a case removed from state court, 28 U.S.C. § 1447(c) requires it to remand the case to the court from which it was removed." Id. (cited in, Christie v. Abdo, 2012 WL 1768094, *1 (D. Ariz. May 17, 2012)).[1] Here, there is simply no pending foreclosure for this court to enjoin. Further, the TILA claims remain dismissed as affirmed by the Ninth Circuit.

### A. Rescission of a Default Notice Renders a Wrongful Foreclosure Claim Moot.

Plaintiff's attempt to circumvent the mootness of his wrongful foreclosure claim is without merit. A federal court sitting in diversity applies the substantive law of the forum state. Goldberg v. Pac. Indem. Co., 627 F.3d 752, 755 (9th Cir.2010). The Nevada Supreme Court has ruled on the subject, stating, "[a] notice of rescission renders moot disputes concerning the notice of default or its timing." Holt v. Reg'l Tr. Services Corp., 266 P.3d 602, 606 (Nev. 2011) (collecting cases). This Court holds similarly. Beebe v. Litton Loan Servicing LP, 2011 WL 4344031 (D. Nev. Sept. 14, 2011) (slip op.). Indeed, absent a pending foreclosure, there is simply no live controversy or any action for the court to enjoin. Id. Accordingly, dismissal is appropriate herein.

Plaintiff's attempt to raise the voluntary cessation exception is without merit. Indeed, Plaintiff fails to cite any authority in which the voluntary cessation exception was successfully raised

---

[1] An action originally filed in federal court may not be remanded to state court. See generally, 28 U.S.C. § 1441. For an action to be remanded, it first must have been removed from state court. Fin. Indem. Co. v. Carter, 2010 WL 5058364, *1 (S.D. Ill. Dec. 6, 2010). Thus, it appears the Ninth Circuit's statement that this Court may decide whether to remand Plaintiff's wrongful foreclosure claims may be *dictum*.

2

1215289.2

to enjoin a foreclosure that was not noticed. Courts hold that even when a cessation is voluntary, mootness can follow if: 1) it can be said with assurance that there is no reasonable expectation that the alleged violation will occur, and 2) interim events have completely and irrevocably eradicated the effects of the alleged violation. Smith v. Univ. of Wash., Law Sch., 233 F.3d 1188, 1194 (9th Cir. 2000). Further, for the exception to apply, the Defendant's cessation of the alleged conduct must be voluntary. Here, as discussed in the instant motion, because of the unsuccessful mediation that did not result in a Mediation Certificate being issued. Thus, the rescission of the Notice of Default was statutorily imposed after the unsuccessful Mediation which did not result in Cal-Western obtaining a Mediation Certificate necessary to notice the trustee's sale. N.R.S. 107.086. Accordingly, the voluntary cessation doctrine does not apply.

Further, voluntary cessation does not prevent dismissal herein, because no sale can take place regarding the rescinded defaults. The District of Hawaii was faced with the same issue. "The court agrees that the Notice of Rescission moots Plaintiff's claims based on Notice of Foreclosure—there is no existing controversy based on the Notice of Foreclosure because Cal–Western rendered the Notice of Foreclosure void by rescinding it." Saiki v. LaSalle Bank Nat. Ass'n as Tr. for Structured Asset Inv. Loan Trust Series 2003-BC2, 2011 WL 601139 (D. Haw. Feb. 10, 2011). "Although Defendants could conceivably issue another Notice of Foreclosure that also fails to comply with [Hawaii's foreclosure statute], that Notice of Foreclosure would give rise to a **separate claim** from what is alleged in the Complaint, which is based on this particular Notice of Foreclosure." Id. (emphasis added). "Plaintiff cannot seek equitable relief because the Notice of Foreclosure is void, and Plaintiff is not otherwise entitled to damages for this defect." Id. Such is precisely the case herein, as Plaintiff may have a new claim in the event of a subsequent Notice of Default, but his current claims are rendered moot by the rescission.

Further, the only relief that Plaintiff can hope to obtain herein is to enjoin the sale. Damages claims are inappropriate, because, as this Court holds, "no damages claim for wrongful foreclosure lies where there is in fact a default." Smith v. Cmty. Lending, Inc., 773 F. Supp. 2d 941, 944-45 (D. Nev. 2011) (citing, Collins v. Union Fed. Sav. & Loan, 99 Nev. 284, 662 P.2d 610, 623 (1983)). Here, there is no dispute that Plaintiff is in default: "By June 2008, Gale had lost his job, defaulted

3

1  on the loan, and was facing financial difficulties." Amended Opinion at p. 5.  Thus, Gale is not
2  entitled to damages.  Thus, at best, Plaintiff may attempt to enjoin the sale.
3        Yet, the mere future threat of foreclosure and eviction fails to satisfy Plaintiff's burden that
4  he will suffer irreparable harm if the Court fails to grant him the preliminary injunction he seeks.
5  <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 22, 129 S. Ct. 365, 375, 172 L. Ed. 2d 249
6  (2008) ("Issuing a preliminary injunction based only on a **possibility of irreparable harm** is
7  inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only
8  be awarded upon a clear showing that the plaintiff is entitled to such relief.") (emphasis added).
9  Thus, Plaintiff is not entitled to an injunction herein.  Accordingly, his wrongful foreclosure claims
10 should be dismissed as moot because, without an active Notice of Default, there is no live
11 controversy.

      **B.**    **Plaintiff's TILA Claims Cannot Be Relitigated.**

13       Plaintiff attempts to avoid the mootness of his claims, by reasserting his dismissed TILA
14 claims.  The District Court is duty bound to follow the law as articulated by the Court of Appeals for
15 its circuit.  <u>Jorgenson v. Swope</u>, 114 F.2d 988, 989 (9th Cir. 1940).  This Court dismissed those
16 claims with prejudice.  Docket No. 40.  The Ninth Circuit affirmed, remanding only the state law
17 claims.  Docket No. 72.  The TILA claims, thus continue to be dismissed with prejudice.
18 Accordingly, those claims cannot be relitigated herein.  Therefore, the remanded claims remain moot
19 and are subject to dismissal herein.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1215289.2

4

## II.     CONCLUSION

For the foregoing reasons, moving Defendants respectfully request this Court GRANT their Motion and DISMISS the remaining claims in Plaintiff's First Amended Complaint.

DATED:   October 22, 2012              WOLFE & WYMAN LLP

By: /s/ *Colt B. Dodrill*
    COLT B. DODRILL, ESQ.
    Nevada Bar No. 9000
    11811 N. Tatum, Suite 3031
    Phoenix, Arizona  85028
    cbdodrill@wolfewyman.com
    Tel: (602) 953-0100
    Fax: (602) 953-0101

Attorneys for Defendants
FIRST FRANKLIN FINANCIAL CORP., (erroneously named as FIRST FRANKLIN LOAN SERVICES, subsidiary of FIRST FRANKLIN FINANCIAL CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and LASALLE BANK, N.A. (erroneously named as LASALLE BANK NATIONAL ASSOCIATION)



1215289.2

## CERTIFICATE OF SERVICE

On October 22, 2012, I served the **REPLY SUPPORTING MOTION TO DISMISS REMANDED CLAIMS AS MOOT** by the following means to the persons as listed below:

   X      a.    EFC System (you must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary):

Steven W. Pite spite@piteduncan.com

Laurel I. Handley lhandley@piteduncan.com, mjohnson@piteduncan.com

Cuong M. Nguyen cnguyen@piteduncan.com, mjohnson@piteduncan.com

   X      b.    United States Mail, postage fully pre-paid (List persons and addresses. Attach additional paper if necessary):

Richard S. Gale
7836 Faith Court
Las Vegas, Nevada 89131
Plaintiff in Pro Se

By: */s/ Liz Piscitelli*
Liz Piscitelli
An employee of Wolfe & Wyman LLP

1215289.2