**RICHARD S. GALE**
7836 Faith Ct.
Las Vegas, NV 89131
(702) 480-6365
In Proper Person

2012 NOV 13 P 2: 49

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD S. GALE, an individual | Case No.: 2:08-cv-01615 - RCJ-PAL |
| Plaintiff, | |
| vs. | JURY TRIAL REQUESTED |
| | Date: |
| | Time: |
| FIRST FRANKLIN LOAN SERVICES, Subsidiary of FIRST FRANKLIN FINANCIAL CORPORATION, a Delaware Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc., a Delaware Corporation, CAL-WESTERN RECONVEYANCE CORPORATION, a California Corporation, LASALLE BANK NATIONAL ASSOCIATION, and DOES I THROUGH X inclusive; and ROE CORPORATION XX through XXX. Inclusive, | Courtroom: Judge: Hon. Robert C. Jones |
| Defendants. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT CAL-WESTERN MOTION TO DISMISS REMANDED CLAIMS

COMES NOW Plaintiff RICHARD S. GALE, and hereby respectfully requests that this Court deny Cal-Western Motion to Dismiss Pursuant to FRCP 12(b)(6), based upon the following Memorandum of Points and Authorities.

### PRELIMINARY STATEMENT

**a. Cal-Western Motion To Dismiss Should Be Denied As Untimely.**

Under the Federal Rules, an answer or motion to strike or dismiss must be filed within 21 days. This Court issued an Order on Mandate September 21, 2012. Cal-Western did not file their Motion to Dismiss until October 25, 2012.

### b. Cal-Western waived its right to challenge the Remand.

Cal-Western did not articulate its objection when the opportunity to do so existed; it did not file any brief or challenge Plaintiff's Appeal, which was remanded to this Court. It did not raise objections or oppose Plaintiff's Appeal and therefore knowingly waived its arguments by not arguing or opposing issues before the Appellant Court and as a result should be barred from raising any on remand; those arguments cannot now be raised before this Court. See, e.g., *Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *see also, e.g.*, Cubic Defense Sys., Inc. v. United States, 45 Fed. **Cl.** 450, 467 (1999) ("Any experienced appellate litigator knows that issues not raised in a brief are waived.") (citing 16A Wright et al., Federal Practice and Procedure Juris. 3d § 3974.1 n.12 (1999)).

### c. Cal-Western request for Judicial Notice of Exhibit A-K should be denied.

Cal-Western cannot argue persuasively that Plaintiff's defective foreclosure claims are not plausible, so they inundate the Court and Plaintiff with copies of documents recorded in this foreclosure action.

**The issue in this matter is not just with a defective foreclosure process.** The vital allegation in this case is the assignments, transfers and notices; robo signing, notary fraud and failure to comply with Nevada Foreclosure law. These allegations give rise to a plausible inference that the subsequent assignment, substitution, and notice of default and election to sell may also be improper. Defendants wholly fail to address that issue. This reason alone is sufficient to deny Defendants' motion with respect to this issue. <u>**Recordation is not a substitute for evidentiary proof of the truth of the facts asserted in a recorded document.**</u>

*Herrera v. Deutsche Bank National Trust Co., 196 Cal. App. 4th 1366 – Cal:*
*Court of Appeal, 3rd Appellate Dist. 2011*

Plaintiff reminds this court that his only access to legal research is through the internet.

## MEMORANDUM OF POINTS AND AUTHORITIES

**Plaintiff will address some issues in Cal-Western Motion to Dismiss, should this Court decide not to deny its Motion; but do not waive his Opposition to the whole Motion.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court **to draw the reasonable inference that the defendant is liable for the misconduct alleged.**

As this Court can see from the enclosed chart (Exhibit 4) the recordings made at the Clark County Recorder on Plaintiff's property are numerous.

**Opposition to Cal-Western Argument in IV-A, that it did not breach its duty:**

"Fiduciary" is an Anglicized derivation of the Latin "fides," which means "faith, honesty, confidence, trust, veracity, and honor." *See* Black's Law Dictionary 625 (6th ed. 1990). ("While the 'exact limits' of what constitutes a fiduciary relationship are 'impossible of statement,' a fiduciary relationship may be found in any case 'in which influence has been acquired and abused, in which confidence has been reposed and betrayed'").*Pension Committee of The University of Montreal Pension Plan v. Banc of America Securities, LLC*, 592 F. Supp. 2d 608, 624 (S.D.N.Y. 2009)

3

It is obvious that Cal-Western never considered their duty to Plaintiff, as mandated in the statute.

**NRS 107.028 Trustees: Qualifications; limitations on powers; appointment of new trustee; duties; immunity from liability for certain good faith errors; damages in certain civil actions.**

**In pertinent part states that: The trustee shall act impartially and in good faith with respect to the deed of trust and shall act in accordance with the laws of this State.**

In *Blodgett v. Martsch*, 590 P.2d 298 (UT 1978), it was stated that "the duty of the trustee under a trust deed is greater than the mere obligation to sell the pledged property, . . . it is a duty to treat the trustor fairly and in accordance with a high punctilio of honor." The Supreme Court in Blodgett went even further and found that the breach of this confidential duty may be regarded as constructive fraud.

Plaintiff's quoted case applies. "A lender is not a fiduciary of a borrower, but a trustee is a fiduciary of both a trustor and a beneficiary under a deed of trust. It must act fairly with respect to both entities. " *Walls v. Recontrust Co., N.A.*, Case No. 2:10-cv-00291-RCJ-RJJ, 2010 WL 2133757, *3 (D. Nev. 2010).

Cal-Western recorded their own fabricated documents, signed by their own employees on behalf of MERS, First American Title, LSI Title, Inc., First American, in other words robo signed documents; refer to C through J in chart, exhibit 4.

Cal-Western employees made transfers, assigned or appointed Cal-Western; the documents were NOT executed by an entity(s) with authority to do so. Plaintiff can state for certain that Documents D&E in the above chart are fraudulent, illegal and voidable. MERS requires that a certifying officer is an officer of the member. Cal-Western was not and is NOT a member of MERS.

Once a document is recorded, however, it is entitled to a "presumption of validity", which is presumably what spurned the falsification trend in the first place.

These documents are legally defective and deficient, in that the purported signatory thereof is not properly identified as being a person with lawful authority of standing to effectuate such substitution under the express terms set forth in the Trust Deed or as mandated by Nevada Statutes; notarization of a false signature not only constitutes fraud, but is every bit intended as part of a larger conspiracy to commit fraud on the court; these are not inconsequential defects or minor discrepancies; they are fraudulent deceptive acts and practices in violations of the Nevada foreclosure laws.

**Opposition to Cal-Western Argument in IV-B:**

As Plaintiff has shown above, supported by evidence, in his opposition to IV-A, the proper procedures were not followed in his foreclosure action and Cal-Western's actions were "improper execution, notarization and recording of assignments of mortgage; wrongful conduct committed in the foreclosure proceeding. **Cal-Western as the foreclosure Trustee under the Deed of Trust violated its (fiduciary) duties by allowing the practice that it, of all entities, would or should have known was both illegal and improper.**

**Opposition to Cal-Western Argument in IV-C:**

Contrary to Defendants' Motion, Plaintiff's case is neither moot, insufficient in its allegations, nor otherwise legally deficient and a live controversy remains about the Plaintiffs' particular legal rights and claims.

Additionally, the probability of the resumption of its activity, keeps the controversy live. *United States* v. *W.T. Grant Co.,* 345 U.S. 629, 632 (1953).

When a defendant takes actions that subject it to suit, and later argues that it has changed its behavior and that the suit therefore should be dismissed, the court must guard against the possibility that the defendant is attempting to manipulate the

court's jurisdiction in order to preserve its ability to engage in the challenged conduct in the future. See, *e.g.,Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.,* 484 U.S. 49, 66-67 (1987). That concern makes it appropriate to place the heavy burden of establishing mootness on the Defendant.

This case involves the exception to mootness that applies when a Defendant contends, in the context of a suit for prospective relief, that its voluntary conduct has obviated the plaintiff's interest in the action. Ordinarily, "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot." *United States v. W.T. Grant Co.,* 345 U.S. 629,632 (1953). Dismissing a suit as moot in that circumstance would leave the defendant "free to return to [its] old ways after the threat of a lawsuit ha[s] passed." *Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 72 (1983) (per curiam) (internal quotation marks omitted).

The defendant's voluntary cessation of the challenged acts therefore does not vitiate the plaintiff's concrete interest in resolving the "dispute over the legality of the challenged practices," unless it is clear that those practices are unlikely to recur. *W.T. Grant Co.,* 345 U.S. at 632. Absent that assurance, "[a] controversy may remain to be settled." *Ibid.* A "defendant claiming that its voluntary compliance moots a case" therefore "bears the formidable burden of showing it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc.,* 528 U.S. at 190.

Furthermore, the "public interest in having the legality of the practices settled militates against a mootness conclusion." *W. T. Grant Co.,* 345 U.S. at 632.

In *Memphis Light, Gas & Water Div. v. Craft*, 436 U. S. 1, 8–9 (1978), the court noted that claims for <u>damages</u> save cases from mootness.

Plaintiff's Amended Complaint at 61, page 10: "Plaintiff has suffered damages in an amount in excess of Ten Thousand Dollars" and Plaintiff prays for Damages against Defendants in an amount subject to proof at the time of trial.   Plaintiff has incurred damages for loss of earnings, costs and related relief. *Ceniceros v. Board of Trustees of the San Diego Unified Sch. Dist.*, 106 F.3d 878, 879 n.1 (9th Cir. 1997) see also *O'Neal v. City of Seattle*, 66 F.3d 1064, 1066 (9th Cir. 1995)

"The action is not moot if either the class action for an injunction or the demand for damages survives." Lidie v. California, 478 F.2d 552 (9th Cir. 1973)

**<u>Opposition to Cal-Western Argument on page 10, line 10:</u>**

Claims being adjudicated in a legal matter do not become moot because of a change of ownership.   If US Bank purchased the Note `one must presume that all liabilities were assumed along with any assets.  A lawsuit is a potential liability or asset.

## CONCLUSION

For all the aforementioned reasons and authorities, for the reasons argued by the Plaintiff in the pleadings on file in this matter, which are adopted and incorporated herein by reference; the Cal-Western Motion to Dismiss should be denied.

Respectfully submitted,

Richard Gale, in proper person
7836 Faith Ct., Las Vegas, NV 89131

Dated this 13 day of November, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on this __1 3__ day of November, 2012, I mailed a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT CAL-WESTERN MOTION TO DISMISS REMANDED CLAIMS** to counsel of record for Defendants, by placing same in the United States Mail, postage prepaid, properly addressed as follows:

PITE DUNCAN, LLP
701 East Bridger Ave., Suite 700
Las Vegas, Nevada 89101
Attorneys for Defendant Cal-Western Reconveyance Corp.


WOLFE & WYMAN LLP
11811 N. Tatum, Suite 3031
Phoenix, AZ 85028
Attorneys for Defendants First Franklin Financial Corp., et al

Richard Gale, Plaintiff
7836 Faith Ct., Las Vegas, NV 89131

# EXHIBIT 4

You searched under: **Parcel Number**, for: **125-21-512-054**, with the document types of: **ALL DOCUMENTS**, between: **1/1/1900** and **11/12/2012**

**Records found: 27**

Refresh |

| First Party Name | First Cross Party Name | Instrument # | Document Type | Modifier | Record Date | Parcel # | Remarks | Total Value |
|---|---|---|---|---|---|---|---|---|
| MYERS DUNMORE HOMES LLC | GLATZ, ROBERT | 1999010400 00934 | DEED | | 1/4/1999 3:00:22 PM | 125-21-512-054 | | $118,000.00 |
| NORTH AMERICAN MORTGAGE COMPANY | BANKERS TRUST COMPANY | 2000080800 02373 | DEED OF TRUST | Assign | 8/8/2000 5:00:00 PM | 125-21-512-054 | | |
| GLATZ, LAURA | GLATZ, ROBERT | 2002031500 01744 | DEED | | 3/15/2002 2:10:47 PM | 125-21-512-054 | | $0.00 |
| GLATZ, ROBERT | GALE, DOROTHY J | 2002031500 01745 | DEED | | 3/15/2002 2:10:47 PM | 125-21-512-054 | | $138,000.00 |
| GALE, DOROTHY J | SUNTRUST MORTGAGE INC | 2002031500 01746 | DEED OF TRUST | | 3/15/2002 2:10:47 PM | 125-21-512-054 | | |
| GALE, DOROTHY | SUNTRUST MORTGAGE INC | 2002031500 01747 | TRUST DEED/REQUEST NOTICE | | 3/15/2002 2:10:47 PM | 125-21-512-054 | | |
| BANKERS TRUST COMPANY | NEVADA TITLE COMPANY | 2002041700 00245 | SUBSTITUTION/RECONVEYANCE | | 4/17/2002 8:25:03 AM | 125-21-512-054 | | |
| GALE, DOROTHY J | GALE, RICHARD | 2005062000 02426 | DEED | | 6/20/2005 1:50:32 PM | 125-21-512-054 | | |
| FELICILDA, MELINDA P | GALE, RICHARD S | 2005062000 02427 | DEED | | 6/20/2005 1:50:32 PM | 125-21-512-054 | | |
| GALE, RICHARD S | FIRST FRANKLIN | 2005062000 02428 | DEED OF TRUST | | 6/20/2005 1:50:32 PM | 125-21-512-054 | | |
| SHAIA, REBECCA W | GALE, DOROTHY J | 2005071100 05262 | RECONVEYANCE | | 7/11/2005 6:06:45 PM | 125-21-512-054 | | |
| SHAIA, | GALE, | 2005071100 | RECONVEYANCE | | 7/11/2005 | 125- | | |

Refresh |

| First Party Name | First Cross Party Name | Instrument # | Document Type | Modifier | Record Date | Parcel # | Remarks | Total Value |
|---|---|---|---|---|---|---|---|---|
| REBECCA W | DOROTHY J | 05263 | | | 6:06:45 PM | 21-512-054 | | |
| FIRST FRANKLIN | FIRST FRANKLIN FINANCIAL CORPORATION | 2006031300 04664 | ASSIGNMENT | | 3/13/2006 7:37:29 PM | 125-21-512-054 | CORPORATE ASSIGNMENT OF DEED OF TRUST | |
| GALE, RICHARD S | FIRST FRANKLIN | 2006120700 05271 | DEED OF TRUST | | 12/7/2006 3:15:29 PM | 125-21-512-054 | | |
| FIRST FRANKLIN FINANCIAL CORPORATION | GALE, RICHARD S | 2006121800 02396 | SUBSTITUTION/RECONVEYANCE | | 12/18/2006 10:59:08 AM | 125-21-512-054 | | |
| GALE, RICHARD S | CAL-WESTERN RECONVEYANCE CORPORATION | 2008080800 03872 | BREACH | | 8/8/2008 3:32:33 PM | 125-21-512-054 | | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | CAL-WESTERN RECONVEYANCE CORPORATION | 2008082600 03619 | SUBSTITUTION | TRUSTEE | 8/26/2008 1:51:12 PM | 125-21-512-054 | | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | LASALLE BANK NATIONAL ASSOCIATION EE | 2008082600 03620 | ASSIGNMENT | | 8/26/2008 1:51:12 PM | 125-21-512-054 | ASSIGNMENT OF DEED OF TRUST | |
| GALE, RICHARD S | CAL-WESTERN RECONVEYANCE CORPORATION | 2008111200 04189 | NOTICE OF TRUSTEE SALE | | 11/12/2008 2:24:53 PM | 125-21-512-054 | | |

Refresh |

| First Party Name | First Cross Party Name | Instrument # | Document Type | Modifier | Record Date | Parcel # | Remarks | Total Value |
|---|---|---|---|---|---|---|---|---|
| FIRST FRANKLIN FINANCIAL SERVICES | GALE, RICHARD S | 2008111900 02218 | LIS PENDENS | | 11/19/2008 12:16:17 PM | 125-21-512-054 | | |
| CAL-WESTERN RECONVEYANCE CORPORATION | GALE, RICHARD S | 2009060300 04220 | DEFAULT | RESCISSION | 6/3/2009 1:58:12 PM | 125-21-512-054 | | |
| GALE, RICHARD S | FIRST FRANKLIN LOAN SERVICES | 2010030500 01268 | LIS PENDENS | EXPUNGE | 3/5/2010 11:22:08 AM | 125-21-512-054 | | $0.00 |
| GALE, RICHARD S | CAL-WESTERN RECONVEYANCE CORPORATION | 2010032200 02915 | BREACH & ELECTION TO SELL | | 3/22/2010 12:21:06 PM | 125-21-512-054 | | $0.00 |
| LASALLE BANK NATIONAL ASSOCIATION EE | US BANK NATIONAL ASSOCIATION EE | 2011020200 03245 | ASSIGNMENT | | 2/2/2011 9:53:50 AM | 125-21-512-054 | BLUE INK/ TEXT IN BOTTOM MARGIN (PG 1) | $0.00 |
| CAL-WESTERN RECONVEYANCE CORPORATION | GALE RICHARD S | 2011050400 01995 | DEFAULT | RESCISSION | 5/4/2011 11:56:11 AM | 125-21-512-054 | | $0.00 |
| FIRST FRANKLIN MORTGAGE | GALE, RICHARD S | 2011051600 01607 | LIS PENDENS | | 5/16/2011 11:54:34 AM | 125-21-512-054 | | $0.00 |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | US BANK NATIONAL ASSOCIATION EE | 2011071500 00138 | ASSIGNMENT | | 7/15/2011 8:03:20 AM | 125-21-512-054 | TEXT IN LEFT MARGIN (PG 2) | $0.00 |

| THE FOLLOWING DOCUMENTS ARE RECORDED AT THE CLARK COUNTY RECORDERS OFFICE; by Recording date(s) | | # PAGES |
|---|---|---|
| 6/20/05 Original Deed Recorded by First Franklin, Division of Bank of Indiana | 7/11/05 Reconveyance | |
| **NO:** | | |
| **A** 3/13/2006 Corporate Assignment of Deed of Trust<br>From First Franklin, Division of Bank of Indiana to First Franklin Financial Corp.<br>Joan Cook signed as secretary for First Franklin, A division of National Bank of Indiana -  A Robo-signature<br>Joan Cook was an employee of Security Connections Inc., in Idaho at the time she signed on behalf of First Franklin.<br>Krystal Hall was the Notary, she is also an employee of Security Connections.<br>M L Marcum signed as VP of First Franklin, A division of National Bank of Indiana<br>ML Marcum was also an employee of Security Connections in Idaho. | | 2 |
| 12/7/2006 Deed of Trust to Gale by Lender First Franklin a Division of National City Bank | | |
| **B** 12/18/06 Substitution of Trustee and Deed of Reconveyance<br>**Ticor Title** of Nevada as Trustee by First Franklin Financial Corporation<br>Krystal Hall signed for First Franklin as Service Provider<br>Krystal Hall was an employee of Security Connections Inc. at the time she signed on behalf of First Franklin. - A Robo-signature<br>Joan Cook Notarized the Document - A Robo-Notary | | 2 |
| **C** 8/8/2008 Notice of Breach and Default and Election to cause Sale; Recorded by Cal Western<br>Jason Fry,  signed this document as agent of First American Title Ins. Co. WHO IS NOT A LENDER OR BENEFICIARY<br>**Cal-Western Substitution of Trustee was not recorded until 8/26/08 - Same date as the assignment to**<br>LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust,<br>Mortgage Loan Asset-Backed | | 2 |
| NOTE IN DOCUMENTS -D and E - WHERE CAL-WESTERN EMPLOYEES SIGNED **ON BEHALF OF MERS**<br>MERS requires that a certifying officer is an officer of the **Member**; Cal-Western is NOT a member of MERS | | |

| | | |
|---|---|---|
| **D** | **8/26/2008** Substitution of Trustee by MERS to Cal-Western Reconveyance Corp. **Dated 8/8/2008**<br><br>Yvonne Wheeler signed this document as Asst. Sec of MERS          A Robo-signature<br>Nancy Vilavanh was the Notary, an employee of Cal-Western -**Notary date is 8/21/2008**<br>Yvonne Wheeler was an employee of Cal-Western, at the time she signed as an officer of MERS | **2** |
| **E** | **8/26/2008** Assignment of Deed of Trust By MERS to LaSalle Bank National Association,<br><br>as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed.<br>Wendy P. Perry signed this document as Asst. Sec of MERS          A Robo-signature<br>Bernis Gonyea was the Notary, an employee of Cal-Western<br>Wendy P. Perry was an employee of Cal-Western at that time she signed as an officer of MERS. | **2** |
| **F** | 11/12/2008 Notice of Trustee Sale<br><br>Lorrie Womack, AVP,  signed on behalf of Cal-Western          **Lorrie Womack is a Trustee Sale Manager at**<br>Linda Jo Davis was the Notary          **Cal-Western Reconveyance Corporation.** | **2** |
| **G** | 6/3/2009  Notice of Recission by Cal Western of Notice of Default and Election to sell under Deed of Trust<br><br>Karina Roberson signed as agent of First American, for Cal-Western<br>Jason Fry was the Notary. Compare to "C" | **2** |
| **H** | 3/22/10 Notice of Breach and Election to Sell under Trust Deed; recorded by Cal-Western<br><br>G. Sheppard allegedly signed this document as an Agent for LSI Title Inc.;<br>NV indicted suspected robo-signers Gerri Sheppard, employed by Lender Processing Services; charged with 606 counts of felony<br>**In short, Cal-Western appointed itself using an outsource provider to claim deniability as to the source of the document.** | **2** |

| | | | |
|---|---|---|---|
| **I** | **2/2/2011**  LaSalle Bank Recorded a Corporate Assignment of Deed of Trust                    Assignment Dated **3/22/2010**<br><br>LaSalle Bank as Trustee for Franklin Mortgage Loan Trust 2007...assigns and transfers to U.S. Bank, NA,<br>as successor Trustee to Bank of America, NA as successor by merger to LaSalle Bank, NA<br>as Trustee for First Franklin Mortgage Loan Trust. ...Series 2005<br>**A Trust formed in 2007 cannot transfer a mortgage to a 2005 Trust.**<br>Hope Reger signed this document as assistant secretary for assignments at LaSalle Bank, NA.<br>Hope Reger is an employee of Security Connections, who prepared the document<br>Vickie Sorg Notarized the document in Bonneville, Idaho; LaSalle Bank is located in San Jose, California<br>Vickie Sorg is also an employee of Security Connections | | **2** |
| **J** | **5/4/2011**   Notice of Rescission of Notice of Default by Cal-Western Reconveyance        See "H"<br>Deborah Schwartz, A.V.P for Cal-Western- Dated April 29, 2011<br>Rosalyn Hall, employee of Cal-Western, Notary dated May 2, 2011 | | **2** |
| | | | |
| **K** | **7/15/11**  Assignment of Deed of Trust by MERS to U.S.Bank, NA., SUCCESSOR TRUSTEE TO BANK OF AMERICA NA., *<br><br>AS SUCCESSOR TRUSTEE TO LASALLE BANK N.A.<br>Ricki Aguilar signed this document as Assistant secretary of MERS        A Robo-signature<br><br>Ricki Aguilar is an employee of BAC Servicing (Bank of America)<br>**PLEASE NOTE:** * **THIS IS THE 2nd TIME MERS ASSIGN APPELLANT'S DEED OF TRUST - "K"**<br>**MERS ALREADY ASSIGNED THIS DEED OF TRUST TO LaSalle National Bank in 2008 - "E"**<br>**ADDITIONALLY, LASALLE BANK ALSO ASSIGNED APPELLANT'S DEED OF TRUST TO U.S.BANK, NA. - "I"** | | **2** |