UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD S. GALE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FIRST FRANKLIN LOAN SERVICES et al., ) <br> ) <br> Defendants. ) <br> ) | 2:08-cv-01615-RCJ-PAL <br><br> **ORDER** |

This is a standard foreclosure case involving one property. The Court of Appeals has affirmed the Court's judgment in part and remanded in part for consideration of additional issues not previously addressed in this Court. The mandate has issued. Defendants have moved to dismiss. For the reasons given herein, the Court grants the motions.

I.  **FACTS AND PROCEDURAL HISTORY**

In 2005, Plaintiff Richard Gale gave First Franklin a $180,000 promissory note to purchase or refinance real property located at 7836 Faith Ct., Las Vegas, Nevada 89131 (the "Property"), secured by a deed of trust (the "2005 Deed of Trust") with trustee Ticor Title of Nevada. (*See* 2005 Deed of Trust 1–2, June 14, 2005, ECF No. 11-2, at 8). The 2005 Deed of Trust did not mention Mortgage Electronic Registration Systems, Inc. ("MERS") in any capacity. (*See generally id.*). First Franklin then assigned the 2005 Deed of Trust and the promissory note it secured to First Franklin Financial Corp. (*See* Assignment 1, Feb. 8, 2006, ECF No. 11-2, at

13).  Plaintiff then refinanced the Property, giving First Franklin a new promissory note against the Property for $250,000 in 2006, with trustee Service Link and "nominee" MERS. (*See* 2006 Deed of Trust, 1–3, Nov. 25, 2006, ECF No. 11-2, at 21).  Because the $180,000 promissory note from 2005 had of course been satisfied at the closing of the 2006 refinancing, First Franklin Financial Corp. immediately substituted itself as trustee on the 2005 Deed of Trust and reconveyed the deed to Plaintiff. (*See* Substitution and Reconveyance, Dec. 11, 2006, ECF No. 11-2, at 40).  MERS later substituted Cal-Western Reconveyance Co. ("CRC") as trustee on the 2006 Deed of Trust, (*see* Substitution, Aug. 7, 2008, ECF No. 11-2, at 43), and assigned the 2006 Deed of Trust and the promissory note it secured to LaSalle Bank, N.A., as trustee for a mortgage-backed security created by First Franklin, (*see* Assignment, Aug. 8, 2008, ECF No. 11-2, at 49).[1]  CRC filed a notice of default based upon a default of unspecified amount as of May 1, 2008. (*See* Notice of Default, Aug. 8, 2008, ECF No. 11-2, at 46).  CRC noticed a trustee's sale for December 1, 2008. (*See* Notice of Trustee's Sale, Nov. 10, 2008, ECF No. 11-2, at 51).

Plaintiff sued Defendants in pro se in this court for breach of contract, bad faith, and wrongful foreclosure, seeking injunctive relief.  The Court dismissed but gave Plaintiff leave to amend to state a claim under the Truth in Lending Act ("TILA").  Plaintiff filed the Amended Complaint ("AC"), pleading claims under TILA, the Real Estate Settlement Procedures Act ("RESPA"), and Chapter 104 of the Nevada Revised Statutes ("NRS").  The Court dismissed the AC and expunged the lis pendens.  Plaintiff appealed, and the Court of Appeals affirmed but vacated judgment and remanded in order for this Court to determine the wrongful foreclosure claim insofar as it could be considered as a claim of statutorily improper foreclosure under NRS

---

[1]This simultaneous transfer of the interest in the note to LaSalle Bank by MERS in its capacity as "nominee" and of MERS' own interest in the 2006 Deed of Trust in its capacity as "beneficiary" cured any split created at the inception of the mortgage between First Franklin's and MERS' respective interests in the note and 2006 Deed of Trust. *See generally Edelstein v. Bank of New York Mellon*, 128 Nev. Adv. Op. 48 (2012).

Chapter 107.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any

plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

Although the Court of Appeals noted that the loan in this case "was the subject of much activity," the present case is in fact relatively simple with respect to the issues that have typically arisen in the hundreds, if not thousands, of foreclosure-related cases the courts in this District have adjudicated since the housing crash. The records of which the Court may take judicial notice in this case indicate that MERS properly substituted CRC as trustee on the 2006 Deed of Trust, and that CRC thereafter properly recorded a notice of default and later a notice of trustee's sale. This is not a case where a trustee records a notice of default before being named as trustee, a circumstance where ratification becomes an issue. Nor is this a case where a trustee records a notice of default even before the assignee who substituted that trustee has obtained the beneficial

interest, a circumstance where ratification is not even available.  Nor is this a case where a trustee who appears to be a total stranger to the deed of trust records the notice of default.  Nor is this a case where the additional requirements of Assembly Bill 284 apply, because the notice of default was filed before October 1, 2011.  In summary, there is no plausible indication of a statutorily defective foreclosure in this case.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 76, 80) are GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge